

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

# No. 22-1604

SUSHOVAN HUSSAIN,
and all others similarly situated,

*Appellant/Petitioner*,

v.

RACHEL THOMPSON, Warden of Federal Correctional Institution
Allenwood Low; MICHAEL CARVAJAL, Director of the Federal
Bureau of Prisons; MERRICK GARLAND, Attorney General of the
United States of America, in their official capacities,

*Appellees/Respondents*.

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Case No. 3-21-cv-01635-MEM)
District Judge: Honorable Malachy E. Mannion

## PETITIONER SUSHOVAN HUSSAIN'S REQUEST FOR REHEARING

SUSHOVAN HUSSAIN
REG. NO. 24067-111
ALLENWOOD LSCI
P.O. BOX 1000
WHITE DEER, PA 17887

# **TABLE OF CONTENTS**

Page

I.     JURISDICTIONAL STATEMENT ................................................................5

II.    STATEMENT OF ISSUES PRESENTED ......................................................5

III.   STATEMENT OF CASE ...............................................................................5

IV.    APPLICABLE LAW ...................................................................................10

V.     ARGUMENT...............................................................................................10

VI.    RELIEF REQUESTED ................................................................................16

CERTIFICATE OF COMPLIANCE...................................................................18

CERTIFICATE OF SERVICE ..........................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Vasquez v. Strada,
684 F.3d 431, 434 (3d Cir. 2012) ...........................................................9

Barden v. Carlson,
682 F.2d 1050 (3d Cir. 1981) ...............................................................9

Barden v. Keohane,
921 F.2d 476 (3d Cir. 1990) ................................................................9

United States v. Allen,
124F, App'x 719 (3d Cir. 2005) ...........................................................9

Rush v. Shartle,
2015 WL 5567307 (D.N.J. Sep. 22, 2015) ............................................9

**State Statutes**

PS 5100.08, Chapter 2 ..........................................................................13

PS 5100.08, Chapter 5 ..........................................................................13

CARES Act ................................................................................*passim*

**Rules**

Federal Rules of Appellate Procedure 40 ................................................4

Rule 32(f) ............................................................................................17

**Regulations**

Program Statement 5100.08 ..............................................................11, 13

Program Statement 5100.08, Chapter 6 .................................................12

**Other Authorities**

BP 338 "Custody Classification" .........................................................12

BOP Forms BP 337 "Inmate Load and Security Designation" ................................12

DHS, Immigration Detainer - Notice of Action, available at
    https://www.ice.gov/sites/default/files/documents/Document/2017/
    I-247A.pdf ...............................................................................................................12, 13

## I.     JURISDICTIONAL STATEMENT

Appellant Sushovan Hussain ("Hussain") petitions for a Panel Rehearing of the Appellate Court's March 27, 2023 opinion (at Dkt. 35) on his Appeal from his habeas corpus petition filed in the United States District Court for the Middle District of Pennsylvania by the Honorable Malachy E. Manion, District Court Judge (Case No. 3-21-cv-01635).

Jurisdiction in this petition is invoked pursuant to Federal Rules of Appellate Procedure 40.

## II.    STATEMENT OF ISSUES PRESENTED

Whether the Appellate Court, in issuing its opinion on Hussain's Appeal, adequately addressed the specific evidence that Hussain presented to the District Court in respect of his arguments that Respondents abused their discretion in denying Hussain eligibility for home confinement under the CARES Act.

## III.   STATEMENT OF CASE

In delivering its verdict, at Dkt. 35, the Court overlooked the evidence, comprising the Bureau of Prisons' ("BOP") published rules, the detainer language issued by Immigration and Customs Enforcement ("ICE") and extracts from the sentencing transcript, that Hussain presented in support of his case. Instead the Court made two rulings:

First, the core of the Court's ruling was that the BOP had a legitimate interest in denying home confinement due to the risk of flight to all inmates with a

detainer. The BOP's internal process is to apply a public safety factor ("PSF") to inmates with a detainer. The court ruled:

"[But] regardless of the basis for a detainer, the BOP has a legitimate interest in preventing any prisoner from fleeing his detainer while on home confinement, and because the BOP's policies are rationally related to that interest and to its interest in limiting rehabilitative programs to inmates who have a lawful right to remain in the United States, they are constitutionally valid." (Dkt. 35-1, 8)

Second, the Court adopted the District Court's ruling that the BOP's policy of denying eligibility to home confinement to inmates who have served less than 50% of their sentence was not an abuse of discretion. The Court ruled:

"The District Court determined that the BOP did not abuse its discretion in denying the request for home confinement on the basis that Hussain had not served more than 50% of his sentence. To the extent that the BOP relied on this factor, we agree with the District Court that the determination was neither arbitrary nor an abuse of discretion." (Dkt. 35-1, 5)

In issuing both rulings the Court did not address the important evidence that Hussain presented in support of his case. Hussain petitions this Court for a Panel Rehearing to consider this evidence. A substantive evaluation of the evidence would, Hussain argues, result in a different judgment. Hussain also requests a

Panel Rehearing because the issues presented have far-reaching implications in determining how the BOP treats both U.S. citizens and non-citizens within its custody.

## A. THE UNCHALLENGED EVIDENCE RELATED TO THE BOP'S INCORRECT APPLICATION PSF TO HUSSAIN

At the core of Respondents' argument is that eligibility for home confinement is denied to all inmates with a detainer because of the risk of flight. In his habeas petition (Dkt. 11, Ex 1-1), Hussain demonstrated that the risk of flight argument is processed by the BOP by the application of a PSF (*id.* at 18): "The BOP argues that home confinement and benefits to early release are related to Hussain's ICE Immigration Detainer and the consequent assignment of a Public Safety Factor."

Hussain presented specific pieces of evidence demonstrating that the BOP abused its discretion in denying him eligibility for home confinement under the CARES Act (*id.*, 19-23). Hussain's evidence was unchallenged by Respondents throughout the Appeal process, both in Respondents' Motion for Summary Affirmance (Dkt. 6) and in its response to Hussain's Appeal (Dkt. 25).

The unchallenged evidence is summarized below:

i) The BOP is required to establish the security designation and custody classification for all inmates with detainers by "enter[ing] the appropriate number of points that reflect the inmate's detainer status." However, the BOP is explicitly

directed that "no points will be awarded for ICE detainers." (Dkt. 11, Ex. 1-1, 19). This evidence clearly demonstrates that Hussain's detainer status did not require any security or custody enhancements.

 ii) The BOP can only apply a PSF "when there are certain demonstrated behaviors which require increased security measures to ensure the protection of society" and this assignment of a PSF must be based on "factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." (*id.* at 21). Had the BOP considered Hussain's personal information, his minimum PATTERN score, and his case history, then Hussain argued that they specifically would not have applied a PSF to him. The BOP's rules required them to review the factual information related to Hussain. He argues that they did not.

 iii) The BOP must carefully review each immigration detainer case before it can apply a PSF: "each case will be carefully reviewed to determine whether the PSF for deportable alien is applicable" (*id.* at 23). Hussain argued that the BOP did not carefully review Hussain's case before applying a PSF.

 iv) The Department of Homeland Security ("DHS") specifically instructs the BOP to not make any decisions based on the ICE detainer. The ICE immigration detainer states: "This detainer arises from DHS authorities and should not impact

8

decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters." (*Id.* at 20). Hussain argued that the BOP ignored the DHS's instructions in using the ICE immigration detainer to apply a PSF to him.

v) Hussain presented lengthy pre-prison evidence to demonstrate that the BOP should not have been applied a PSF to him. For example, after Hussain was granted bail for 30 months pending sentencing and appeal, his sentencing judge found "by clear and convincing evidence that he does not pose a danger to the community," and the Pre-Sentencing Report concurred "[Hussain] is not viewed [] a danger to the community." (*Id.* at 10.)

vi) Hussain presented three pieces of evidence to demonstrate that the application of the 50% Rule was arbitrary and, therefore, an abuse of discretion. Though the Court ruled "... we agree with the District Court that the determination was neither arbitrary nor an abuse of discretion," Hussain requests that the Court consider the evidence presented (Dkt. 31, at 16-18).

a) At least one individual, Mr. Paul Manafort, was sent to home confinement after serving just 27% of his sentence.

b) Respondents conceded, in their response to the Appeal, that the BOP may have released inmates with less than 50% time served for

"attenuating circumstance[s]" such as "for health or less violent offenses" (Dkt. 25, at 14).

c) Respondents have been instructed by at least one federal court to "eliminate all requirements that the inmate has served some part of his sentence to be eligible for home confinement."

Hussain, therefore, respectfully requests for a Panel Rehearing so that the detailed and critical evidence is thoroughly considered.

## IV.    APPLICABLE LAW

The Court is permitted to assess "whether the BOP abused its discretion." Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012) (citing Barden v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981); Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) ("If this designation impacts the fact or duration of a prisoner's sentence, the BOP's decision is subject to judicial review for abuse of discretion."); United States v. Allen, 124F, App'x 719, 721 (3d Cir. 2005); Rush v. Shartle, Civ. No. 13-4788 (NLH), 2015 WL 5567307, at *7 (D.N.J. Sep. 22, 2015) (citing Keohane, 921 F.2d at 480-83 ("The decision of the BOP is subject to judicial review only for abuse of discretion").

## V.    ARGUMENT

Hussain requests that the Panel address the detailed and critical evidence that he has presented in his habeas petition. In its published opinion, the Court

10

overlooked this evidence, comprising the Bureau of Prisons' ("BOP") published rules and the detainer issued by Immigration and Customs Enforcement ("ICE"). Hussain petitions this Court for a panel rehearing to evaluate the presented evidence. A rehearing is requested also because the issues presented have far-reaching implications in determining how the Bureau of prisons ("BOP") treats both U.S. citizens and non-citizens within its custody.

Respondents' arguments are summarized in three points (Dkt. 31, at 7):

i) that a "detainer class" is created, and that this is not a "suspect class";

ii) that, because all inmates with immigration detainers present a risk of flight, there is a rational basis for denial of home confinement to such detainees; and

iii) that the BOP has sole authority to make determinations about an inmate's place of incarceration, and that courts have no jurisdiction over the BOP's decision to deny home confinement.

The Appellate Court ruled in two ways: The Court dismissed Hussain's arguments and accepted the District Court's judgment that, first, a detainer class is created and, second, that there was risk of flight. But, as stated, the Court's published opinion did not address the specific evidence Hussain presented in support of his arguments. This Court was not alone in doing so, in that neither the District Court nor Respondents addressed the specific evidence presented.

## A.    THE UNCHALLENGED EVIDENCE

The crux of Respondents' argument, which was accepted by the Court, is that eligibility for home confinement is denied to anyone with a detainer because of the risk of flight. Hussain demonstrated that the risk of flight argument is based on the assignment of a public safety factor ("PSF") to all inmates with a detainer (Dkt. 11, Ex. 1-1, at 18).

Hussain presented specific pieces of evidence in his Petition—evidence that was not challenged by Respondents in either their Motion for Summary Affirmance (Dkt. 6) or their response to Hussain's appeal (Dkt. 25)—that showed that the BOP abused its discretion in denying him eligibility for home confinement under the CARES Act (Dkt. 11, Ex. 1-1, at 19-23).

i) Program Statement 5100.08 - no points awarded for custody classification evaluation

As evidence of flight risk, the BOP is specifically required to establish the security designation and custody classification for inmates with detainers. BOP rules require the determination of the seriousness of each type detainer by "enter[ing] the appropriate number of points that reflect the inmates' detainer status". See Program Statement 5100.08, Ch 6, at 2. However, BOP's rule also directs that the status of an ICE detainee is not to be regarded as serious, with the BOP being explicitly directed that "no points will be awarded for ICE detainers."

*See id.*, Ch. 4, at 12. See also BOP Forms BP 337 "Inmate Load and Security

Designation" and BP 338 "Custody Classification" (id, at 19).

ii) ICE immigration detainer

Respondents accept that they based their decision to deny eligibility on the

ICE detainer. However, Hussain presented evidence that this in direct

contravention of instruction by ICE to the BOP to not base any decisions

whatsoever on the ICE detainer: "This detainer arises from DHS authorities and

should not impact decisions about the alien's bail, rehabilitation, parole, release,

diversion, custody classification, work, quarter assignments, or other matters[.]"

*See* DHS, Immigration Detainer - Notice of Action, available at

https://www.ice.gov/sites/default/files/documents/Document/2017/I-247A.pdf

("Immigration detainer") (id, at 20). Respondents have not addressed (and the

Court overlooked) evidence as to why the BOP made its decision on home

confinement on this specific document which explicitly instructed the BOP not to

do so.

iii) Program Statement 5100.08 - requirement to evaluate factual information

By its own rules, the BOP can only apply a PSF "when there are certain

demonstrated behaviors which require increased security measures to ensure the

protection of society." (PS 5100.08, ch 2 at 4). This assignment of a PSF must be

based on "factual information regarding the inmate's current offense, sentence,

criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." See PS 5100.08, ch 5 at 7, (id, at 22). Respondents do not explain and the Court did not consider what "demonstrated behaviors" Hussain is alleged to have shown so that a PSF is applied.

iv) Program Statement 5100.08 - requirement for careful review (Dkt. 11, 23)

The BOP's rules direct that the BOP must carefully review each Immigration detainer case before applying a PSF: "each case will be carefully reviewed to determine whether the PSF for deportable alien is applicable (5100.08, ch 4, at 12 and ch 6, at 3). However, the BOP by its own admission applies a blanket PSF to all inmates with an ICE detainer. Respondents do not answer and the Court di not consider what "careful review" the BOP carried out in determining that a PSF would be applied to Hussain, resulting a risk of flight assessment.

v) Hussain was granted bail pending sentencing and appeal

Hussain provided detail evidence as to why he is not a flight risk. For 30 months before he self-reported to Allenwood in Pennsylvania—that is, between May 2018 and October 2020—Hussain was confined with electronic monitoring and ordered to stay within the boundaries of the Northern District of California under the jurisdiction of pre-trial services.

14

Hussain also provided evidence from his sentencing transcript, where his sentencing judge, Judge Breyer, found "by clear and convincing evidence that he does not pose a danger to the community." Sentencing Tr. (May 13, 2019) at 72:8-10. The PSR concurred: "[Hussain] is not viewed [] a danger to the community." Presentence Investigation Report at 3.

Hussain does not argue that the BOP has a legitimate interest in preventing flight. But in applying a PSF to *all* inmates with an ICE immigration detainer, without following its own clear rules and the instructions from DHS, a clear and intentional abuse of statutory authorities has occurred.

vi) The 50% rule

The District Court relied on the "50% rule" to judge that abuse of authorities had not occurred. Respondents argued that inmates must have spent at least 50% of their sentence in prison before being considered eligible for home confinement (Dkt. 25 at 14). The conclusion reached by this Court is: "to the extent that the BOP relied on this factor, we agree with the District Court that the determination was neither arbitrary nor an abuse of discretion."

Hussain provided three counter arguments:

First, that the decision was arbitrary, in that at one individual, Mr. Paul Manafort, was sent to home confinement after serving 27% of his sentence.

15

Second, Respondents conceded that the BOP may have released inmates with less than 50% time served for "attenuating circumstance[s]" such as "for health or less violent offense" (see Dkt. 25 at 14). Dkt. 1, 10.

Third, Respondents ignore precedential case instructing the BOP to include non-citizens for eligibility to home confinement. As referenced in Hussain's District Court filing, Dkt. 8, in the context of home confinement under the CARES Act, the District Court ordered the BOP to "eliminate all requirements that the inmate has served some part of his sentence to be eligible for home confinement" and to "eliminate the requirement that the inmate be a U.S. citizen."

Based on the unchallenged evidence that Hussain presented in his Habeas Petition, Hussain respectfully requests the Panel to rehear his argument that the application of the 50% policy is arbitrary and, therefore, not relevant to Respondents' home confinement argument.

## VI.   RELIEF REQUESTED

For the forgoing reasons, Hussain respectfully requests that this Court accepts his Petition for Panel Rehearing to consider the substantive and unchallenged evidence and finds that Respondents' abused their discretion in denying Hussain home confinement under the CARES Act.

Respectfully submitted,

Dated:  April 7, 2023

*/s/ Sushovan Hussain*

Sushovan Hussain
FCI Allenwood Low
P.O. Box 1000
White Deer, PA  17887-1000

*Pro se* Petitioner–Appellant

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of

Appellate Procedure ("Rule") 32(a)(7)(B) because it contains 2,590 words,

excluding the parts of the brief exempted by Rule 32(f).


Dated:  April 7, 2023                    */s/ Sushovan Hussain*
                                          SUSHOVAN HUSSAIN, pro se
                                          Reg. No. 24067-111

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is the appellant / petitioner and is a

person of such age and discretion as to be competent to serve papers. That on

April 7, 2023 he served a copy of the appended

**PETITIONER SUSHOVAN HUSSAIN'S REQUEST FOR REHEARING**

by placing a true and correct copy in a sealed envelope addressed as shown below.

I am readily familiar with the practice of delivery by FedEx Corporation.

According to that practice, items are retrieved daily by a FedEx Corporation

employee for overnight delivery.

> Gerard Karam
> Assistant U.S. Attorney
> 228 Walnut Street, Suite 220
> P.O. Box 11754
> Harrisburg, PA 17108-1754

Dated:  April 7, 2023                     */s/ Sushovan Hussain*
                                          Pro Se Appellant / Petitioner





ORIGIN ID:APCA    (415) 391-5400
SUSAN HOPE
KEKER VAN NEST & PETERS LLP
633 BATTERY STREET

SAN FRANCISCO, CA 94111
UNITED STATES US

SHIP DATE: 07APR23
ACTWGT: 0.50 LB
CAD: 104386600/INET4585

BILL SENDER

TO  **PATRICIA DODSZUWEIT**
**US COURT OF APPEALS**
**21400 UNITED STATES COURTHOUSE**
**601 MARKET STREET**
**PHILADELPHIA PA 19106**
(415) 391-5400        REF: HUSSAIN
INV:
PO:                    DEPT:



FedEx
Express

E

MON - 10 APR 10:30A
PRIORITY OVERNIGHT

TRK#
0201   7717 9200 8930

19106

**XE REDA**        PA-US  PHL



